UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNIE WOODS, | ) |
| | ) |
| Plaintiff, | ) 17 C 6828 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| GHALIAH OBAISI, Independent Executor for the Estate of Saleh Obaisi, and MATTHEW RANZER, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Johnnie Woods, an Illinois prisoner, brings this *pro se* 42 U.S.C. § 1983 suit against Dr. Saleh Obaisi and Dr. Matthew Ranzer, alleging deliberate indifference to his serious medical needs when he was housed at Stateville Correctional Center. Doc. 53. (After Obaisi's death, the court substituted his estate's independent executor as a party defendant, Doc. 33, but for ease of exposition this opinion will pretend Obaisi is still the defendant.) Obaisi moves for summary judgment on exhaustion grounds. Doc. 124. The motion is granted in part and denied in part.

**Background**

Consistent with Local Rule 56.1(a)(3), Obaisi filed a statement of undisputed facts along with his summary judgment motion. Doc. 126. Local Rule 56.1(b)(3)(B) required Woods to file "a concise response to [Obaisi's] statement … contain[ing] … a response to each numbered paragraph in [Obaisi's] statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. L.R. 56.1(b)(3)(B). Although Woods did not file a separate Local Rule 56.1(b)(3)(B) response, his opposition brief has a section with numbered paragraphs that explicitly references and

corresponds to Obaisi's Local Rule 56.1(a)(3) statement, so the court will deem that section of Woods's brief to be a Local Rule 56.1(b)(3)(B) response. Doc. 134 at 1-4.

Woods asserts additional material facts throughout the rest of his brief. *Id*. at 5-21. While correctly contending that Woods's assertion of those facts does not comply with Local Rule 56.1(b)(3)(C), Obaisi nonetheless "respond[s] to each fact presented." Doc. 135 at 2 n.1. The court therefore will deem those facts to have been set forth in a Local Rule 56.1(b)(3)(C) statement of additional material facts.

The court recites the facts as favorably to Woods as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019).

Woods alleges that he was denied adequate treatment by Obaisi, the medical director at Stateville, following a "botched" heel surgery by Ranzer. Doc. 53 at ¶ 80; Doc. 134 at pp. 2-3, ¶¶ 3-5 (responding to Doc. 126 at ¶¶ 2-4). Specifically, Woods alleges that Obaisi failed to perform appropriate pre-operative diagnostic tests, improperly declined after the surgery to admit him into the infirmary or provide a low bunk bed, directed that his bandages be removed despite Ranzer's instruction not to do so, failed to approve Woods's post-operative request for a second opinion, and failed to provide him access to post-operative rehabilitative care. Doc. 53 at ¶ 80.

On June 17, 2016, Woods submitted two grievances complaining that Ranzer botched the surgery and that Obaisi did not allow him to get a second opinion from a different orthopedic surgeon after the surgery. Doc 134 at p. 4, ¶¶ 8-9 (responding to Doc. 126 at ¶ 6); Doc. 135 at p. 3, ¶¶ 1, 3. One grievance was submitted to the warden as an "emergency grievance." Doc 134 at p. 4, ¶¶ 8-9 (responding to Doc. 126 at ¶ 6); Doc. 135 at p. 3, ¶ 1. The warden deemed the

grievance non-emergent. Doc. 135 at p. 3, ¶ 1. After receiving this response, Woods sent the grievance to the Administrative Review Board ("ARB"), which received it on July 8, 2016. Doc. 134 at p. 4, ¶¶ 8-9 (responding to Doc. 126 at ¶ 6). Because Woods did not include the response in his submission to the ARB, the submission was not reviewed on its merits. *Ibid*.

The second June 17, 2016 grievance was sent to a counselor. Doc. 126 at ¶ 7; Doc. 135 at p. 3, ¶ 2. After receiving a counselor's response, the grievance was sent to the grievance office. Doc. 126 at ¶ 7; Doc. 135 at p. 3, ¶ 2. After receiving a grievance officer's response, Woods sent the grievance to the ARB. Doc. 126 at ¶ 7. The ARB reviewed the grievance and on March 28, 2017 issued a response declining to provide relief. *Ibid*.

Although Obaisi asserts that no other grievances relate to Woods's claims, Doc. 126 at ¶ 8, Woods argues that two other grievances concern this suit and support his position that he exhausted his claims, Doc. 135 at pp. 3-5, ¶¶ 4-8. The first is a June 21, 2016 grievance complaining that, contrary to Ranzer's instruction, Obaisi had a nurse remove ACE bandages from Woods's foot. Doc. 135 at p. 3, ¶ 4. On January 6, 2017, Woods received a counselor's response stating that Obaisi said the ACE bandage was contraband and should be replaced by a Kling bandage. *Id*. at p. 3, ¶ 5. The next day, Woods put the grievance in an envelope addressed to the grievance office and placed the envelope between his cell bars. *Id*. at p. 4, ¶ 6. An officer collected the envelope for delivery that night, but Woods never received a response. *Ibid*. (Obaisi disputes these facts, asserting that no such grievance was received by the Grievance Office, *ibid*., but factual disputes at this stage are resolved in Woods's favor.)

Woods then submitted a grievance on July 7, 2016, complaining about heel pain and asking to be moved to the infirmary or provided a bottom bunk permit. Doc. 135 at p. 4, ¶ 7. Obaisi contends that this grievance should not be considered because Woods, in a written

3

discovery response, indicated that the only grievances pertinent to his claims were attached to his amended complaint, Doc. 126-5 at ¶ 17; Doc. 126-6 at ¶ 17, and the July 7, 2016 grievance was not among them. Doc. 135 at p. 4, ¶ 7. Although Woods includes this grievance with his summary judgment opposition, Doc. 133-2 at 8-9, he did not reference it in his written discovery responses or otherwise bring it to Obaisi's attention prior to filing his opposition. Woods therefore may not use that grievance to defend from summary judgment any of his claims against Obaisi. *See Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 860 (7th Cir. 2017) (affirming the district court's decision to treat a new basis for the plaintiff's claim as forfeited because the plaintiff did not raise that basis "until after discovery had closed and the parties were briefing cross-motions for summary judgment").

## Discussion

Obaisi seeks summary judgment on the ground that Woods did not satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, reasoning that "he did not grieve the misconduct committed by Dr. Obaisi that forms the basis of his [c]omplaint." Doc. 125 at 2-5. "The PLRA provides that '[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.'" *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) (alteration in original) (quoting 42 U.S.C. § 1997e(a)); *see also Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("The [PLRA's] exhaustion requirement is interpreted strictly … . Unexhausted claims are procedurally barred from consideration.") (citation and internal quotation marks omitted). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, such that a prisoner must file grievances "in the place, and at the time, the prison's administrative rules require." *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner's "[f]ailure to exhaust" his administrative remedies "is an affirmative defense for which the defendant[] carr[ies] the burden of proof." *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018).

Obaisi does not challenge the process by which Woods pursued his two June 17, 2016 grievances; rather, he contends that the conduct grieved therein—that Obaisi did not allow Woods to seek a second opinion—is not pertinent to this suit. Doc. 125 at 4-5; Doc. 135 at 5. But the operative complaint specifically alleges that Obaisi "[f]ail[ed] to get approval from Wexford for [Woods's] request for [a] second opinion." Doc. 53 at ¶ 80. That conduct is not "ancillary to his deliberate indifference claim[]," Doc. 125 at 5, simply because it is only one part of the conduct that Woods challenges. Woods therefore properly exhausted that claim.

As to the June 21, 2016 grievance, Obaisi disputes Woods's contention that he sent the grievance to the grievance office, asserting that "a review of [Woods's] Masterfile (which contains all his offender grievances) does not reflect such a grievance being received by the grievance office." Doc. 135 at 6. Obaisi acknowledges Woods's argument that "since he did not receive responses to his grievances, his remedies became unavailable," but maintains that the court should credit Obaisi's submission that Woods failed to exhaust the claim in this grievance because a subpoena uncovered no record of the grievance office's receiving it. *Id*. at 7-8. As noted, this factual dispute must be resolved in Woods's favor at summary judgment. *See Johnson*, 892 F.3d at 893 ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder.") (internal quotation marks omitted).

Obaisi's exhaustion argument therefore fails as to the claims referenced in the June 17, 2016 grievances (Obaisi's denial of Woods's post-operative request for a second opinion) and

5

June 21, 2016 grievance (Obaisi's direction to remove the ACE bandages). For the reasons given in the Background section, Obaisi's exhaustion argument succeeds as to the claims referenced in the July 7, 2016 grievance (Obaisi's denial of Woods's post-operative request to be admitted to the infirmary or provided a bottom bunk permit). Moreover, Obaisi contends that Woods submitted no grievances regarding his other claims (Obaisi's alleged failure to provide pre-operative diagnostic testing or access to post-operative rehabilitative care). Doc. 125 at 2, 5. Woods neither responds to that argument nor cites any grievances presenting those claims, so Obaisi's exhaustion argument succeeds as to those claims as well.

**Conclusion**

Obaisi's summary judgment motion is granted in part and denied in part. The motion is granted as to Woods's claims that Obaisi was deliberately indifferent in failing to perform appropriate pre-operative diagnostic tests, denying Woods's post-operative request to be admitted to the infirmary or provided a bottom bunk permit, and failing provide Woods access to post-operative rehabilitative care. The motion is denied as to Woods's claims that Obaisi was deliberately indifferent in denying Woods's request for a second opinion and directing that his ACE bandages be removed.

March 26, 2020

_____
United States District Judge