UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 6828 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| GHALIAH OBAISI, Independent Executor of the Estate | ) | |
| of Saleh Obaisi, and DR. MATTHEW RANZER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Johnnie Woods, an Illinois prisoner, brought this *pro se* suit against Dr. Saleh Obaisi and

Dr. Matthew Ranzer under 42 U.S.C. § 1983, claiming deliberate indifference to his serious

medical needs during his confinement at Stateville Correctional Center. Doc. 53. (After

Obaisi's death, the court substituted his estate's executor as defendant. Doc. 33.) The court

granted summary judgment to Obaisi on exhaustion grounds, except for Woods's claims that

Obaisi was deliberately indifferent in denying his request for a second opinion following plastic

surgery on his heel and in directing that his ACE bandages be removed. Docs. 162-163 (reported

at 2020 WL 1467402 (N.D. Ill. Mar. 26, 2020)). The court later granted summary judgment to

Ranzer on the ground that he was not a state actor for purposes of § 1983. Docs. 182-183

(reported at 2020 WL 4365643 (N.D. Ill. July 30, 2020)). The court then granted summary

judgment to Obaisi on the sole remaining count against him, Docs. 198-199 (reported at 2021

WL 1121121 (N.D. Ill. Mar. 24, 2021)), and entered judgment, Doc. 200.

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, Defendants

seek some $1,350 in costs. Doc. 201. Woods argues that he is indigent and therefore should not

be subjected to a cost award. Docs. 209, 214.

1

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigenc[e] in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigence:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.

> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id.* at 635-36 (citations and internal quotation marks omitted).

As for the first step, Woods is 43 years old and currently imprisoned at Pinckneyville Correctional Center. *See* Illinois Department of Corrections Offender Search for Johnny Woods, B73276, available at https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited Nov. 19, 2021). He has been incarcerated since 2002, and his release date is in 2059, *ibid.*, meaning that he is highly unlikely to have much, if any, of a post-prison life.

This court granted Woods leave to proceed *in forma pauperis* in October 2017. Doc. 7. The court recently granted him leave to proceed *in forma pauperis* on appeal. Doc. 225. As

Woods's most recent trust fund account statement reflects, his monthly income is modest. Doc. 215 at 4.

The unfortunate reality is that Woods's income-generating capabilities are and will continue to be severely limited while he is imprisoned, and that they are not likely to materially improve, as he is serving out what may effectively turn out to be a life sentence or close to a life sentence. Woods does receive a modest amount of money from outside sources, but those sums do not materially improve his financial situation. Given these circumstances, Woods has sufficiently established that he is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see also Mathis v. Carter*, 2017 WL 2243040 (N.D. Ill. May 23, 2017) (declining to assess costs against a losing party who was incarcerated and indigent); *Shultz v. Dart*, 2016 WL 3227276 (N.D. Ill. June 13, 2016) (same).

As for the second step of the analysis, while Defendants' requested costs are not terribly high, they still would pose a substantial hardship to Woods, whose present income is trivial and who is highly unlikely to have any post-incarceration income-generating capabilities. It is true that Defendants were granted summary judgment on Woods's claims. But his case was not utterly frivolous, and he appears to have brought the suit in good faith.

For these reasons, the court denies Defendants' requests for costs.

November 19, 2021

_____
United States District Judge

3